**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Frank C. MAROLDA, Defendant-Appellant.**

**No. 80–1641.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 1981.

Decided June 15, 1981.

Allen Ruby, Morgan, Ruby, Teter, Schofield, Franich, Bouchier & Fredkin, San Jose, Cal., for defendant-appellant.

Peter D. Isakoff, Atty., Dept. of Justice, Washington, D. C., argued for plaintiff-appellee; William C. Bryson, Atty., Dept. of Justice, Washington, D. C., on brief.

Before WRIGHT and CANBY, Circuit Judges, and TAKASUGI, District Judge.*

EUGENE A. WRIGHT, Circuit Judge:

## I

Marolda was convicted after trial by jury of embezzling from a labor union, 29 U.S.C. § 501(c). On his first appeal, he argued that: (1) the definition of the offense in instructions to the jury excluded statutory elements; (2) there was a prejudicial variance between the offense as set forth in the indictment and as defined in the instructions; and (3) the evidence was insufficient to support a conviction.

We reversed, addressing only the second issue:

> We need not resolve the question of the statutory elements here because a prejudicial variance between the offense as charged in the indictment and that defined by the court's instructions requires reversal. Should the government choose to retry Marolda, it will have to prove the offense as charged in the indictment.

*United States v. Marolda*, 615 F.2d 867, 870 (9th Cir. 1980).

One element found in the indictment and omitted from the instructions was that Marolda used a gasoline credit card "without benefit to [the Union]." *Id.* at 868 n.2. Our opinion made no mention of Marolda's sufficiency of the evidence argument.

When the case returned to district court, Marolda moved to dismiss on double jeopardy grounds, contending there had been insufficient evidence to prove an absence of union benefit. The court denied the motion for two reasons. First, it held that, because the conviction had been reversed for trial error but not for evidentiary insufficiency, retrial would not subject Marolda to double jeopardy. Second, there had been sufficient evidence from which the jury could have inferred an absence of union benefit.

## II

Marolda argues, and the government concedes, that, if the evidence was insufficient to support a conviction at the first trial, double jeopardy bars retrial. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *United States v. Bodey*, 607 F.2d 265 (9th Cir. 1979). The "government must present sufficient evidence the first time to get a second chance." *Id.* at 268.

This is not a case in which the trial error leading to reversal may have prejudiced the prosecution. *Cf. United States v. Harmon*, 632 F.2d 812 (9th Cir. 1980) (per curiam) (reversal for erroneous admission of evidence). The government does not argue that additional evidence would have been presented, or that different trial strategy would have been pursued, had reversible error not been committed.

## III

The law of the case is that the government had to prove lack of union benefit at the first trial. 615 F.2d at 870–72.

In testing for sufficiency of the evidence, the question is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). A "mere modicum" of evidence, making the existence of an element of the crime slightly more probable than it would be without the evidence, by itself is not sufficient. *Id.* at 320, 99 S.Ct. at 2790.

---

* Of the Central District of California.

Marolda was installed as the president of a newly formed local in October 1975. There was evidence that the executive board adopted a policy of providing a fixed, monthly automobile allowance to its officers, and terminated the practice of charging purchases on credit cards.

Marolda continued to use his credit card to purchase gasoline for approximately two years. During this time, he used the card to purchase gas for his wife's and his brother's cars, as well as his own. On several occasions he filled two tanks of gas in one day, and in one instance filled three tanks in two days.

Executive board members testified that Marolda used his wife's and brother's cars on union business when his car was being repaired. They stated that he took many long trips on union business. Their testimony was not contradicted or impeached.

After reviewing the entire record, we find no direct evidence that Marolda purchased gas for non-union purposes. Nor, in light of all the evidence, could this rationally be inferred beyond a reasonable doubt. We conclude that the evidence was insufficient. The motion to dismiss should have been granted.

REVERSED.