STATE OF NEBRASKA, APPELLEE, V. DARRELL D. PENCE, APPELLANT.

416 N.W.2d 581

Filed December 18, 1987.   No. 86-1006.

Dennis R. Keefe, Lancaster County Public Defender, and Joseph D. Nigro, for appellant.

Robert M. Spire, Attorney General, and Elaine A. Catlin, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

WHITE, J.

The defendant, Darrell D. Pence, was found guilty of burglary after a trial by jury. The defendant did not deny his involvement in the burglary at trial, but claimed that he lacked the requisite intent to commit the crime. The defendant injected cocaine into his body prior to the crime. His defense at trial was that the cocaine affected his memory and that he had not planned to commit, nor did he remember committing, the crime. The jury was instructed on the issue of intent with NJI 14.11.

The defendant's sole assignment of error is that there was insufficient evidence to support the jury's verdict of guilty because he lacked the intent to commit the crime. After a jury has considered the evidence and returned a verdict of guilty, that verdict on appeal may not, as a matter of law, be set aside for insufficiency of evidence if the evidence sustains some rational theory of guilt. *State v. Dwyer*, 226 Neb. 340, 411 N.W.2d 341 (1987). In determining whether the evidence is sufficient to sustain a conviction in a jury trial, this court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence. Such determinations are within the province of the jury. *Id.* See, also, *State v. Schott*, 222 Neb. 456, 384 N.W.2d 620 (1986). Intent may be inferred from the words or acts of the defendant and from the circumstances surrounding the incident. *State v. Schott, supra*.

The jury in this case obviously did not believe the defendant's testimony as to intent and chose instead to infer intent from the defendant's conduct. There is sufficient evidence to support the verdict, and the judgment of conviction is affirmed.

AFFIRMED.