STATE OF NEBRASKA, APPELLEE, V. ALICE GARZA, APPELLANT.
474 N.W.2d 246

Filed September 13, 1991.   No. 91-537.

Gerard A. Piccolo, Hall County Public Defender, for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Defendant was charged by information with possessing a controlled substance other than marijuana, namely, cocaine; possession of drug paraphernalia; and possession of marijuana weighing 1 ounce or less, in violation of Neb. Rev. Stat. §§ 28-416(3) and (8) and 28-441 (Reissue 1989). Following a bench trial she was found guilty on all counts and was sentenced accordingly. She appeals to this court, assigning as the sole error the sufficiency of the evidence to support her conviction on the cocaine charge.

This appeal borders on the frivolous. A verdict or judgment in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that verdict or judgment. *State v. Tuttle*, 238 Neb. 827, 472 N.W.2d 712 (1991).

On October 12, 1990, the Grand Island police were called to a motel in that city to respond to a complaint by the female defendant that she had been assaulted by an unknown male. Upon arrival of the police, the defendant asked that the police accompany her to her room in the motel, to which she led them. Upon being invited into the room, the police discovered a white powdery substance on the nightstand, a syringe with what appeared to be fresh blood on it lying on top of some other items in a trash can, a beer can with a white powdery substance on the bottom of it, another syringe and a small plastic spoon, cigarette papers, and a clear plastic bag containing a green leafy substance.

One of the investigating police officers testified that from his observations and experience, in his opinion the defendant was under the influence of alcohol or drugs. Another police officer testified that he observed puncture marks on the arm of the defendant.

A forensic drug chemist for the Nebraska State Patrol testified that he analyzed the materials seized from the motel room claimed by the defendant to be hers, and found the substances to be cocaine and marijuana.

The defendant did not testify. No evidence other than that produced by the Grand Island police and the State Patrol was received in evidence.

Constructive possession of an illegal substance may be proved by direct or circumstantial evidence, and may be shown by the accused's proximity to the substance at the time of arrest or by a showing of dominion over the substance. *State v. Zitterkopf*, 236 Neb. 743, 463 N.W.2d 616 (1990).

The evidence is overwhelming that defendant was guilty of the three counts charged against her. The judgment of the district court was correct and is affirmed.

AFFIRMED.