STATE OF NEBRASKA, APPELLEE, V. BILLY J. ALCORN, APPELLANT.
481 N.W.2d 921

Filed April 3, 1992.    No. S-90-1185.

Thomas M. Kenney, Douglas County Public Defender, and Cheryl M. Kessell for appellant.

Don Stenberg, Attorney General, and Barry Waid for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Defendant appeals from a jury verdict finding him guilty of possession of cocaine with intent to deliver and from a sentence of imprisonment of not less than 2 nor more than 4 years. He assigns as error the insufficiency of the evidence and the excessiveness of the sentence. We affirm.

In determining the sufficiency of the evidence to support a finding of guilt in a criminal case, an appellate court does not resolve conflicts in the evidence, determine the plausibility of explanations, or weigh the evidence. Those matters are for the trier of fact, whose findings must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support them. *State v. Williams*, 239 Neb. 985, 480 N.W.2d 390 (1992).

On a claim of insufficiency of the evidence, a guilty verdict will not be set aside in a criminal case where such verdict is supported by relevant evidence. Only where the evidence lacks sufficient probative force as a matter of law may a guilty verdict be set aside as unsupported by evidence beyond a reasonable doubt. *State v. Williams, supra.*

On February 1, 1990, police officers Sears, Uryasz, Saalfeld, and Kyle were searching the bars in North Omaha for a robbery suspect. They entered the Bali Hi bar at 1402 North 24th Street. Upon entering, the officers immediately dispersed. Officer Kyle testified that as he walked in he noticed the defendant, Billy J. Alcorn, sitting at the bar. The defendant looked at the officers twice and then made a "furtive gesture," *State v. Booth*, 202 Neb. 692, 276 N.W.2d 673 (1979), by pulling both hands from underneath the bar top and putting them down between his legs. The defendant drew Officer Kyle's attention because he was looking down at a waste can between his legs,

while everyone else in the bar was observing the officers. Officer Kyle approached the defendant until he was about a foot and a half away from the defendant. The defendant did not look at Officer Kyle, which Kyle found to be unusual in that all of the other bar patrons were intently looking at the officers. See, also, *Sibron v. New York*, 392 U.S. 40, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968).

Officer Kyle then looked underneath the bar between the defendant's legs and saw that the carpet on the base of the bar had been pulled away right where the defendant's hands had been. Kyle testified that he leaned over, saw a paper towel, and pulled it out. He opened the towel and found plastic bags containing 11 "snow seals." A "snow seal" is a parcel of cocaine packaged for street sale. The contents of the packages appeared to be cocaine, and the defendant was placed under arrest. The packages later were tested by a chemist and found to be cocaine. According to Officer Kyle, the patron in closest proximity to the defendant was sitting about two or three seats down, at a distance of about 6 feet. The defendant was searched incident to the arrest and was found to have in his possession $112.51, including five $20 bills. There was a great deal of testimony from various police officers as to the "profiles" of drug activity in Omaha. One of the particular aspects of such activity was that the person who held the drugs for sale would "stash" the contraband in a hiding place close by, where it would readily be available for sale. Also, there was testimony that the seller of drugs would keep the money on his or her person and that the average price of a snow seal was $20.

Defendant's motion to dismiss at the close of the State's case was overruled by the court. The defendant then submitted his evidence. " ' " 'A defendant may be convicted by circumstantial evidence which establishes the defendant's guilt beyond a reasonable doubt. The State is required to establish the defendant's guilt for the crime charged, but is not required to disprove every hypothesis consistent with the defendant's presumed innocence.' ". . .' " *State v. Green*, 238 Neb. 492, 507-08, 471 N.W.2d 413, 425 (1991).

" 'When an element of a crime involves existence of a defendant's mental process or other state of mind of an

accused, such elements involve a question of fact and may be proved by circumstantial evidence.' " *State v. Oldfield*, 236 Neb. 433, 444, 461 N.W.2d 554, 562 (1990).

"Constructive possession of an illegal substance may be proved by direct or circumstantial evidence, and may be shown by the accused's proximity to the substance at the time of the arrest or by a showing of dominion over the substance." *State v. Garza*, 239 Neb. 98, 99, 474 N.W.2d 246, 248 (1991). In *State v. Lee*, 227 Neb. 277, 417 N.W.2d 26 (1987), this court held that the evidence adduced supported the inference that the defendant was in possession of marijuana found in a corn chip canister on a coffee table in a living room of a house owned by a third party. In *State v. Hunt*, 224 Neb. 594, 399 N.W.2d 806 (1987), we found the evidence sufficient to establish that defendant had the intent to possess marijuana found in an apartment leased to a third party.

The record, viewed in a light most favorable to the State, shows that the defendant made a "furtive gesture" by pulling both hands from underneath the bar and reaching downward, just after he saw the officers enter the bar. The defendant drew attention by staring at a waste can between his legs, while everyone else in the bar was observing the officers. Officer Kyle found a bag with cocaine behind the carpet underneath the bar, at the place where defendant's hands had been. The defendant admitted that the cocaine was located at arm's-length distance from him. The patron in closest proximity to the defendant, according to Officer Kyle, was sitting two or three seats down, at a distance of about 6 feet.

The record supports a finding that there was no drink in front of the defendant at the bar. The parcel was found near the defendant's seat, within arm's distance, and contained 11 snow seals. The quantity and the manner of packaging indicate that the cocaine was intended for sale and not personal use. The package was found underneath the bar, behind the carpet between the defendant's legs. In addition, the defendant could not adequately account for the $112.51 he had in his possession. The State effectively rebutted his story that he had cashed his paycheck that day at the Hy-Vee store.

There was sufficient evidence to establish a prima facie case

of guilt and to support the jury's finding beyond a reasonable doubt of the defendant's guilt of the offense charged.

As to the claimed excessiveness of the sentence, a sentence imposed within the statutory limits will not be set aside absent an abuse of discretion on the part of the sentencing court. *State v. Wounded Arrow, ante* p. 44, 480 N.W.2d 205 (1992).

Possession with intent to deliver a controlled substance, cocaine, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Reissue 1989) is a Class II felony under § 28-416(2) and is punishable by not less than 1 nor more than 50 years' imprisonment. The defendant has a prior record which includes possession of a concealed weapon, a gambling offense, obstruction of an officer, and eight traffic offenses. He admitted to having sold drugs "once or twice to make ends meet."

There was no abuse of discretion on the part of the trial court in imposing the sentence which it did.

The judgment of the district court is affirmed.

AFFIRMED.