UNITED STATES of America, Plaintiff–Appellee,

v.

Chris GANOS and Jerome P. Chernoff, Defendants–Appellants.

Nos. 91–3239 and 91–3241.

United States Court of Appeals, Seventh Circuit.

Submitted April 3, 1992.*

Decided April 16, 1992.

Rehearing and Rehearing En Banc Denied May 18, 1992.

---

* The panel to which this case was assigned concluded that oral argument would serve no purpose in light of the jurisdictional defect discussed in this opinion. The assignment of the case for oral argument is accordingly vacated, and the case is decided on the basis of the briefs and record.

Eric J. Klumb, Asst. U.S. Atty., Milwaukee, Wis., for the U.S. in No. 91–3239.

Eric J. Klumb, Asst. U.S. Atty., Charles Guadagnino, Milwaukee, Wis., for the U.S. in No. 91–3241.

Scott E. Hansen, Milwaukee, Wis., for Chris Ganos.

Terry E. Mitchell, James J. Mathie, Mitchell, Baxter & Zieger, Milwaukee, Wis., for Jerome P. Chernoff.

Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.

PER CURIAM.

The jury in the criminal trial of Chris Ganos, Jerome Chernoff, and five others returned a verdict of guilty. Defendants filed post-verdict motions seeking acquittal on the ground of insufficient evidence and a "mistrial" on the ground that the jurors viewed unauthorized materials during their deliberations. The district court denied the motion for acquittal and granted the misnamed motion for a mistrial. As the trial was over a mistrial was impossible, but the court could and did grant a new trial.

Before the retrial could commence, Ganos and Chernoff filed notices of appeal, contending that a new trial after an initial trial at which the evidence was insufficient would violate the double jeopardy clause. See *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). The United States contends that we lack jurisdiction to entertain the appeals.

An order setting a case for a second trial is not final by ordinary standards, so unless the decision is a "collateral order" within the scope of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the appeals are untenable. An order rejecting a claim of double jeopardy may be a collateral order under *Cohen*, see *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), but only if the claim is colorable. *United States v. MacDonald*, 435 U.S. 850, 862, 98 S.Ct. 1547, 1554, 56 L.Ed.2d 18 (1978). Courts of appeals may and should weed out frivolous appeals, to facilitate the prompt administration of justice in the district courts. *Abney*, 431 U.S. at 662 n. 8, 97 S.Ct. at 2042 n. 8.

The double jeopardy claim urged on us is frivolous, which also defeats the existence of jurisdiction. *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984), holds that the double jeopardy clause does not prevent the holding of a second trial when no court has determined that the evidence at the first trial was insufficient. An appeal in search of such a decision accordingly is not an invocation of the double jeopardy clause; it is an ordinary challenge to the sufficiency of the evidence. *Richardson* explained: "It follows logically from our holding today that claims of double jeopardy such as petitioner's are no longer 'colorable' double jeopardy claims which may be appealed before final judgment.... Since no set of facts will support the assertion of a claim of double jeopardy like petitioner's in the future, there is no possibility that a defendant's double jeopardy rights will be violated by a new trial, and there is little need to interpose the delay of appellate review before a second trial can begin." 468 U.S. at 326 n. 6, 104 S.Ct. at 3086 n. 6.

Ganos and Chernoff are in precisely the same position as Richardson: facing a sec-

ond trial, they crave (but have not obtained) a declaration that the evidence at the first was insufficient. *Richardson* holds that the double jeopardy clause never bars the second trial in such cases, so there is no possibility of an appeal under *Abney.* Ganos and Chernoff ignore *Richardson* in both their opening briefs and their reply brief. The generalized *Cohen* argument in their reply brief hardly survives the express conclusion of *Richardson.*

The appeals are dismissed for want of jurisdiction. So that the district court may proceed with the retrial of all defendants, the mandate will issue forthwith.

RIPPLE, Circuit Judge, concurring.

I concur in the judgment of the court. The court's reading of *Richardson v. United States,* 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984) is compatible with our earlier decisions in somewhat analogous contexts. *See United States v. Anderson,* 896 F.2d 1076 (7th Cir.1990); *United States v. Douglas,* 874 F.2d 1145 (7th Cir.), *cert. denied,* 493 U.S. 841, 110 S.Ct. 126, 107 L.Ed.2d 87 (1989). It is also in accord with the weight of authority in the other circuits. *See United States v. Wood,* 958 F.2d 963, 969–71 (10th Cir.1992); *United States v. Miller,* 952 F.2d 866, 874 (5th Cir.1992); *United States v. Porter,* 807 F.2d 21, 23–24 (1st Cir.1986), *cert. denied,* 481 U.S. 1048, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987).

It must be admitted, however, that our result today does not follow inexorably from *Richardson.* As Judge Baldock's thoughtful opinion in *Wood* notes,

> *Richardson*'s broad language suggests that an event which terminates jeopardy is a condition precedent to a defendant's assertion of a double jeopardy claim. However, *Richardson* gives us little guidance on what events, other than an acquittal, terminate jeopardy.

*Wood,* 958 F.2d at 969. Indeed, as our colleague from the Tenth Circuit's opinion amply demonstrates, the present state of double jeopardy jurisprudence is hardly a seamless garment. Nevertheless, for the reasons set forth with some elaboration in *Wood,* I must conclude that, given the available signposts in the case law, the result we reach here is consistent with *Richardson.*