STATE OF NEBRASKA, APPELLEE, V. JOHN W. JOSEPH, JR., APPELLANT.

499 N.W.2d 858

Filed February 23, 1993.    No. A-91-1193.

Toney J. Redman for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

SIEVERS, Chief Judge, and CONNOLLY and WRIGHT, Judges.

CONNOLLY, Judge.

## INTRODUCTION

This appeal arises from a plea in bar challenging the retrial of the appellant, John W. Joseph, Jr., for involuntary manslaughter. In the original trial, Joseph was charged with second degree murder and was found guilty of involuntary manslaughter. Pursuant to a motion for new trial based on an improper jury instruction, the district court set aside Joseph's conviction. The State then filed an amended information charging Joseph with involuntary manslaughter. On grounds of double jeopardy, Joseph filed a plea in bar objecting to a retrial for involuntary manslaughter. The plea was overruled. We affirm.

## FACTS

In the original action, Joseph was charged with second degree murder for the death of Arthur "Bubba" Brown. Joseph and Brown had engaged in a fight at an apartment complex. During the fight, Brown went over a balcony railing over 8 feet above ground level and died as a result of his injuries. Joseph claimed that Brown's fall was an unintended result of Joseph's struggle to defend himself and disarm Brown. Witnesses for the State testified that Joseph picked Brown up and threw him over the railing.

The jury was given four verdict forms, one for each possible verdict: (1) murder in the second degree; (2) manslaughter, intentionally upon a sudden quarrel (voluntary manslaughter); (3) manslaughter, unintentionally, while in the commission of an unlawful act (involuntary manslaughter); and (4) not guilty.

Included in the jury instructions was the following directive: "[S]elf[-]defense . . . is only a defense to the charge of murder in the second degree or manslaughter committed intentionally upon a sudden quarrel; it is not a defense to the offense of manslaughter committed unintentionally while in the commission of an unlawful act . . . ." The jury found Joseph guilty of involuntary manslaughter.

In its order sustaining Joseph's motion for new trial, the district court held that it was clear error to have made self-defense unavailable as a defense to involuntary manslaughter.

The State filed an amended information charging Joseph with involuntary manslaughter pursuant to Neb. Rev. Stat. § 28-305 (Reissue 1989). Joseph responded by filing a plea in bar pursuant to Neb. Rev. Stat. § 29-1817 (Reissue 1989), in which he argued that he had been acquitted of voluntary manslaughter and that he could not "be retried . . . on different elements within the same manslaughter statute." The plea was overruled.

## ASSIGNMENT OF ERROR

Joseph assigns as error the failure of the trial court to find that retrial for involuntary manslaughter constitutes double jeopardy.

## STANDARD OF REVIEW

The decision in this case depends on interpretation of § 28-305, and statutory interpretation is a matter of law. See *Sorensen v. City of Omaha*, 230 Neb. 286, 430 N.W.2d 696 (1988). On matters of law, an appellate court has an obligation to reach conclusions independent of those of the trial court. *Nebraska Builders Prod. Co. v. Industrial Erectors*, 239 Neb. 744, 478 N.W.2d 257 (1992); *Kaiman v. Mercy Midlands Medical & Dental Plan*, 1 NCA 453, 491 N.W.2d 356 (1992).

## ANALYSIS

We begin by observing that Joseph's appeal is properly before this court because a denial of a plea in bar is a final order as defined in Neb. Rev. Stat. § 25-1902 (Reissue 1989). See *State v. Milenkovich*, 236 Neb. 42, 458 N.W.2d 747 (1990).

Joseph's conviction was set aside by the district court and a new trial was ordered because of an error in the jury instructions. The Nebraska Supreme Court has held that there is no double jeopardy violation when retrial results from trial error unrelated to sufficiency of the evidence:

> " 'It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading. to conviction.' . . . [R]eversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. . . . [I]t implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect . . . . When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished."

(Citations omitted.) *State v. Palmer*, 224 Neb. 282, 296, 399 N.W.2d 706, 718-19 (1986) (quoting *Burks v. United States*, 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978)).

Nevertheless, Joseph contends that he was acquitted of voluntary manslaughter and thus cannot be reprosecuted under any other manslaughter theory. This contention is based on Joseph's assertion that involuntary manslaughter is a lesser-included offense of voluntary manslaughter.

Involuntary manslaughter is *not* a lesser-included offense of voluntary manslaughter. In an exhaustive and definitive analysis of the issue in *State v. Pettit*, 233 Neb. 436, 453-54, 445 N.W.2d 890, 901 (1989), the Nebraska Supreme Court determined that § 28-305, the manslaughter statute,

> establishes and distinguishes the two categories of manslaughter: an unlawful killing, without malice "upon a sudden quarrel," which may be characterized as voluntary manslaughter, and an unlawful but unintentional killing, without malice, as the result of the defendant's commission of an unlawful act, which may be

characterized as involuntary manslaughter.

There is no double jeopardy violation in the case before us because the offense charged, involuntary manslaughter, is a distinct crime with distinct elements. Involuntary manslaughter is killing without intent and without provocation, while committing an unlawful act. Voluntary manslaughter is killing with intent and with provocation (upon a sudden quarrel), regardless of whether the killing occurs in the course of an unlawful act.

## CONCLUSION

Involuntary manslaughter is not the crime for which Joseph was tried originally, nor is it a lesser-included offense of a crime for which Joseph was acquitted in the original prosecution. Since the retrial results from a trial error unrelated to the sufficiency of the evidence, Joseph is subject to retrial for involuntary manslaughter.

AFFIRMED.