STATE OF NEBRASKA, APPELLEE, V. DONALD L. NOLL, APPELLANT.
507 N.W.2d 44

Filed September 28, 1993.    No. A-92-1105.

Louie M. Ligouri for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

CONNOLLY, IRWIN, and WRIGHT, Judges.

CONNOLLY, Judge.

This appeal arises from the appellant's conviction and sentence of 5 years' probation for criminal nonsupport under Neb. Rev. Stat. § 28-706 (Reissue 1989). The appellant, Donald L. Noll, argues, inter alia, that he was prejudiced at trial by an improper jury instruction. We agree. We reverse, and remand for a new trial.

## FACTS

The appellant and his ex-wife were divorced on January 16, 1976, in Brown County, Kansas. There were three children born of the marriage. The Brown County District Court dissolved the parties' marriage and ordered the appellant to pay child support in the amount of $150 per month. In a very brief jury

trial, the ex-wife testified that from the date the decree was entered through August 1, 1991, she had received no child support payments from the appellant. The appellant did not testify. The appellant was convicted of criminal nonsupport and sentenced to 5 years' probation.

## ASSIGNMENT OF ERROR

We reach only one of the appellant's assignments of error, as it is dispositive of the appeal. The appellant argues that the trial court erred in giving instruction No. 6 to the jury because the instruction failed to inform the jury of all of the essential elements of the offense of criminal nonsupport.

## STANDARD OF REVIEW

Prejudicial error regarding jury instructions may not be predicated solely upon a particular sentence or phrase in an isolated instruction, but must appear from consideration of the entire instruction of which the sentence or phrase is a part, as well as consideration of other relevant instructions given to the jury. All the instructions must be read together, and if the instructions taken as a whole correctly state the law, are not misleading, and adequately cover the issues, there is no prejudicial error. *State v. Copple*, 224 Neb. 672, 401 N.W.2d 141 (1987).

## ANALYSIS

Section 28-706(1) provides that any person who *intentionally fails, refuses, or neglects* to provide proper support which he or she knows or reasonably should know he or she is legally obligated to provide to a spouse, minor child, minor stepchild, or other dependent commits criminal nonsupport. Criminal nonsupport is a Class IV felony if it is in violation of any order of any court. § 28-706(7).

We now set out the pertinent part of instruction No. 6:

Regarding criminal non-support, the elements of the State's case are:

(1) The alleged crime occurred on or about August 1, 1991.

(2) The alleged crime occurred in Richardson County, Nebraska.

(3) The defendant then and there being [sic] failed to provide proper support for his minor children when he knew or reasonably should have known he was legally obligated to provide support pursuant to the Order of the District Court of Brown County, Kansas.

The words "intentionally fails, refuses, or neglects" were not included in instruction No. 6.

The appellant asserts that because the trial court did not include in instruction No. 6 the words "intentionally fails, refuses, or neglects," the instruction failed to inform the jury of all of the essential elements of criminal nonsupport and, thus, allowed a finding of guilt without a guarantee that the State had proved beyond a reasonable doubt all of the essential elements of the crime. We agree. "Due process in a criminal case requires that the prosecution prove, beyond a reasonable doubt, every factual element necessary to constitute the crime charged against a defendant." State v. Harney, 237 Neb. 512, 514, 466 N.W.2d 540, 543 (1991). Intent in criminal conduct involves the existence of a mental process or other state of mind of an accused, and such elements are issues of fact. State v. Pierce, 231 Neb. 966, 439 N.W.2d 435 (1989). The Nebraska Supreme Court has defined "intentionally" to mean "willfully or purposely, and not accidentally or involuntarily." State v. Williams, 243 Neb. 959, 966, 503 N.W.2d 561, 566 (1993).

We hold that under § 28-706(1), intent is one of the essential elements of the crime of criminal nonsupport. Consequently, we find that the element of intent was erroneously omitted from the language in instruction No. 6 setting out the elements of criminal nonsupport.

The State argues that the appellant did not properly object to instruction No. 6. The appellant's counsel objected to instruction No. 6 in the following manner: "[T]he defendant does object concerning the elements." Although the objection could have been more specific, it was sufficient to inform the court of the claimed defect. In any event, it is the duty of the trial court to instruct the jury on the law of the case, whether requested to do so or not. State v. Gorman, 232 Neb. 738, 441 N.W.2d 896 (1989). An instruction which, by the omission of certain elements, has the effect of withholding from the jury an

essential issue or element in the case is prejudicially erroneous. *State v. Breaker*, 178 Neb. 887, 136 N.W.2d 161 (1965).

## CONCLUSION

Intent is an essential element of the crime of criminal nonsupport. In the case at bar, the court did not instruct the jury on all of the essential elements of the crime charged. An instruction omitting an essential element is prejudicially erroneous. Therefore, we vacate the appellant's sentence, reverse his conviction, and remand the cause to the district court for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.