STATE OF NEBRASKA, APPELLEE, V. DONALD L. NOLL, APPELLANT.

527 N.W.2d 644

Filed February 7, 1995.   No. A-94-334.

Louie M. Ligouri for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

IRWIN and MILLER-LERMAN, Judges, and NORTON, District Judge, Retired.

IRWIN, Judge.

In this appeal, we determine whether a defendant may raise a double jeopardy claim to bar a retrial where his conviction has been reversed on appeal for trial error and where the appellate court failed to address defendant's insufficiency of the evidence claim. For the reasons set forth below, we hold that he may.

## FACTUAL BACKGROUND

The record from defendant Donald L. Noll's first trial, which is contained in relevant part in the record on this appeal, establishes the following factual and procedural background of this case: On October 31, 1991, Noll was charged with criminal nonsupport, a Class IV felony, in the district court for Richardson County, Nebraska. See Neb. Rev. Stat. § 28-706 (Reissue 1989). A jury trial was held on September 21, 1992. Evidence offered by the State established that Noll and his ex-wife were divorced by a decree filed on January 23, 1976, in Brown County, Kansas. The decree required Noll to pay $150 per month in child support. Noll's ex-wife, the only witness to testify at the trial, testified that from the date the decree was entered through August 1, 1991, she had received no child support payments from Noll. The jury found Noll guilty, and Noll was subsequently sentenced to 5 years' probation.

Noll appealed his conviction to this court, claiming that the trial court had erred in omitting the element of intent from the jury instruction setting out the elements of the crime of nonsupport and that there was insufficient evidence to support the conviction. In *State v. Noll*, 2 Neb. App. 73, 507 N.W.2d 44 (1993), we reversed Noll's conviction because the trial court failed to include the element of intent when instructing the jury on the crime of nonsupport. Having found error in the jury instruction, this court declined to address the issue of sufficiency of the evidence. Upon remand for retrial, Noll filed a plea in bar, alleging that the Double Jeopardy Clause of the Nebraska and U.S. Constitutions prohibited his retrial because the State failed to present sufficient evidence to convict him in his first trial. The district court denied Noll's plea in bar, and he has appealed to this court.

## ASSIGNMENT OF ERROR

Noll claims that the district court erred in overruling his plea in bar.

## STANDARD OF REVIEW

The issues presented on this appeal involve questions of law. An appellate court has an obligation to reach an independent, correct conclusion regarding questions of law. *State v. Roche,*

*Inc.*, 246 Neb. 568, 520 N.W.2d 539 (1994); *State v. White*, 244 Neb. 577, 508 N.W.2d 554 (1993).

## ANALYSIS

*Double Jeopardy.*

■ We begin by observing that Noll's appeal is properly before this court because a denial of a plea in bar is a final, appealable order as defined in Neb. Rev. Stat. § 25-1902 (Reissue 1989). See, *State v. Milenkovich*, 236 Neb. 42, 458 N.W.2d 747 (1990); *State v. Joseph*, 1 Neb. App. 525, 499 N.W.2d 858 (1993).

■ Noll's plea in bar is based on his right to be free from double jeopardy. Both the U.S. and Nebraska Constitutions state that "[n]o person shall be . . . twice put in jeopardy" for the same offense. U.S. Const. amend. V; Neb. Const. art. I, § 12. In *State v. Bostwick*, 222 Neb. 631, 642, 385 N.W.2d 906, 914 (1986), the court summarized the constitutional protection against double jeopardy as follows:

As a general principle, the constitutional prohibition against double jeopardy protects "an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." *Green v. United States*, 355 U.S. 184, 187, 78 S. Ct. 221, 2 L. Ed. 2d 199 (1957). "The double-jeopardy provision of the Fifth Amendment, however, does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment." *Wade v. Hunter*, 336 U.S. 684, 688, 69 S. Ct. 834, 93 L. Ed. 974 (1949). In a given case the constitutional double jeopardy clause bars only a retrial in a criminal prosecution where (1) jeopardy has attached in a prior criminal proceeding (see *Illinois v. Somerville*, 410 U.S. 458, 93 S. Ct. 1066, 35 L. Ed. 2d 425 (1973)); (2) the defendant is being retried for the same offense prosecuted in that prior proceeding (see *Brown v. Ohio*, 432 U.S. 161, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977)); and (3) the prior proceeding has terminated jeopardy (see *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984)).

■ In *Burks v. United States*, 437 U.S. 1, 11, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978), the U.S. Supreme Court held that where there has been insufficient evidence presented to convict a defendant in a first trial, the Double Jeopardy Clause "forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." The Court reasoned that

> [s]ince we necessarily afford absolute finality to a jury's *verdict* of acquittal—no matter how erroneous its decision—it is difficult to conceive how society has any greater interest in retrying a defendant when, on review, it is decided as a matter of law that the jury could not properly have returned a verdict of guilty.

*Burks*, 437 U.S. at 16.

■ The Court in *Burks* noted that not all appellate reversals of criminal convictions prohibit retrial. Rather, if a defendant appeals a conviction and obtains a reversal based on a trial error, as distinguished from insufficiency of the evidence, he cannot assert double jeopardy in order to bar his retrial. The Court explained:

> "It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction." [Citations omitted.] In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, *e. g.*, incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.

*Burks*, 437 U.S. at 15.

In Noll's first appeal to this court, he alleged (1) that the trial

court had erroneously instructed the jury and (2) that the State presented insufficient evidence to convict. This court found that the trial court had erroneously instructed the jury, and reversed on that basis alone, without addressing Noll's claim of evidentiary insufficiency. *State v. Noll*, 2 Neb. App. 73, 507 N.W.2d 44 (1993). Upon remand for new trial, Noll filed his plea in bar, once again alleging evidentiary insufficiency in his first trial.

In the present appeal, Noll argues that this court should have addressed the insufficiency claim in his first appeal, and because this court did not address such claim, he should be allowed to assert that claim in a plea in bar at his retrial.

An examination of Nebraska Supreme Court precedent leads us to conclude that Noll correctly asserts that this court should have addressed his insufficiency claim on direct appeal. In *State v. Lee*, 227 Neb. 277, 417 N.W.2d 26 (1987), the defendant appealed from her convictions for possession of marijuana with intent to deliver and possession of cocaine, alleging that her trial was improperly joined with the trial of a codefendant and that the evidence was insufficient to sustain her convictions. After finding that the trial court had improperly joined the trials and that such improper joinder constituted reversible error, the court stated:

We are not yet finished, however, as we *must* consider Lee's challenge to the sufficiency of the evidence to reach a complete resolution of this appeal. As we noted in *State v. Palmer*, 224 Neb. 282, 399 N.W.2d 706 (1986): "[T]he U.S. Supreme Court [has] held that an appellate finding of insufficient evidence to convict is tantamount to an acquittal and, therefore, that the double jeopardy clause precludes a second trial once the reviewing court has found the evidence legally insufficient." *Id.* at 295-96, 399 N.W.2d at 718 (citing *Burks v. United States*, 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978)). *In light of our determination that joinder was improper, it is now necessary to examine the sufficiency of the evidence to support Lee's convictions.* If it appears the evidence is sufficient to support the convictions, the cause may be remanded to the district court for further proceedings; if

the evidence is not sufficient under *Palmer, supra*, the cause must be dismissed.

(Emphasis supplied.) *Lee*, 227 Neb. at 283, 417 N.W.2d at 30. See, also, *State v. Lenz*, 227 Neb. 692, 419 N.W.2d 670 (1988); *State v. Palmer*, 224 Neb. 282, 399 N.W.2d 706 (1986).

■ Several courts have also held that where an appellate court is presented with both a trial error and a claim of insufficiency of the evidence, the court must address the insufficiency claim. See, *U.S. v. Haddock*, 961 F.2d 933 (10th Cir. 1992), *cert. denied* 506 U.S. 828, 113 S. Ct. 88, 121 L. Ed. 2d 50; *U.S. v. Szado*, 912 F.2d 390 (9th Cir. 1990); *U.S. v. Quinn*, 901 F.2d 522 (6th Cir. 1990); *U.S. v. Anderson*, 896 F.2d 1076 (7th Cir. 1990); *Vogel v. Com. of Pa.*, 790 F.2d 368 (3d Cir. 1986); *Dillon v. State*, 317 Ark. 384, 877 S.W.2d 915 (1994); *State v. Morris*, No. 1195, 1991 WL 241156 (Tenn. Crim. App. Nov. 20, 1991 (unpublished opinion)); *Glisson v. State*, 192 Ga. App. 409, 385 S.E.2d 4 (1989); *People v. Stofer*, 180 Ill. App. 3d 158, 534 N.E.2d 1287 (1989).

The rationale for requiring appellate courts to address the insufficiency claim is that a defendant's double jeopardy rights should not be solely dependent on the grace of a reviewing court. See, *Richardson v. United States*, 468 U.S. 317, 104 S. Ct. 3081, 82 L. Ed. 2d 242 (1984) (Brennan, J., concurring in part and dissenting in part); *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984) (Brennan, J., concurring in part and concurring in the judgment); *Vogel, supra*.

We recognize that opinions from various other courts have held that an appellate court is not required to examine a claim of insufficient evidence where it has reversed for trial error. See, *U.S. v. Gutierrez-Zamarano*, 23 F.3d 235 (9th Cir. 1994); *Vanderbilt v. Collins*, 994 F.2d 189 (5th Cir. 1993); *U.S. v. Ganos*, 961 F.2d 1284 (7th Cir. 1992); *Evans v. Court of Common Pleas, Del. Cty., Pa.*, 959 F.2d 1227 (3d Cir. 1992); *United States v. Porter*, 807 F.2d 21 (1st Cir. 1986), *cert. denied* 481 U.S. 1048, 107 S. Ct. 2178, 95 L. Ed. 2d 835 (1987); *Ex parte State*, 527 So. 2d 148 (Ala. 1988). These opinions generally rely on the following statement, taken from the majority opinion in *Richardson*: "Where, as here, there has

been only a mistrial resulting from a hung jury, *Burks* simply does not require that an appellate court rule on the sufficiency of the evidence because retrial might be barred by the Double Jeopardy Clause." 468 U.S. at 323.

Although other jurisdictions have relied on *Richardson* to support the view that an appellate court is not required to review an insufficiency claim where there is trial error, we find it significant that the Nebraska Supreme Court's decision in *Lee*, which concluded that an appellate court must review insufficiency claims where there is trial error, was decided 3 years after *Richardson*. We conclude that Noll correctly asserts that this court was required to examine his insufficiency claim on direct appeal.

*Noll's Insufficiency Claim.*

The question that we must now answer is, Can this court review Noll's insufficiency claim in this appeal? Jurisdictions that have addressed this issue have permitted a review of the first trial evidence in a subsequent appeal. See, *Anderson, supra* (reviewing sufficiency of first trial evidence in appeal from defendant's retrial); *United States v. Marolda*, 648 F.2d 623 (9th Cir. 1981) (reviewing sufficiency of first trial evidence in subsequent appeal from denial of motion to dismiss); *United States v. United States Gypsum Co.*, 600 F.2d 414 (3d Cir. 1979), *cert. denied* 444 U.S. 884, 100 S. Ct. 175, 62 L. Ed. 2d 114 (reviewing sufficiency of first trial evidence in subsequent interlocutory appeal); *Morris, supra* (reviewing sufficiency of first trial evidence in subsequent interlocutory appeal); *Glisson, supra* (reviewing sufficiency of first trial evidence in subsequent interlocutory appeal). Given the nature of a defendant's right to be free from double jeopardy, and considering the spirit of the Nebraska Supreme Court's decision in *Lee*, we conclude that Noll's insufficiency claim is properly before this court.

■ Noll claims that the State failed to produce evidence of intent in his trial. Intent is an essential element of the crime of nonsupport. See § 28-706. An examination of the trial record establishes that the State did not produce any evidence of intent. The only witness to testify at the trial was his ex-wife, who admittedly had no knowledge of why Noll did not make

support payments. There was no evidence of Noll's income or earning capacity and no evidence that he owned any assets or that he was ever employed or employable since the entry of the decree in 1976. The only evidence that was presented was that Noll did not make his court-ordered support payments. That evidence alone is insufficient to convict a person under § 28-706(1).

We find it telling that the State, in preparing for Noll's retrial, filed a motion to amend the information and endorse five additional witnesses. Such action suggests that the State would use the second trial for the purpose of supplying "evidence which it failed to muster in the first proceeding."

## CONCLUSION

We find that the State failed to produce sufficient evidence to convict at Noll's first trial and that the Double Jeopardy Clause prohibits the State from retrying him. We therefore reverse the district court's denial of Noll's plea in bar, and remand to the district court with directions to dismiss this action.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.