UNITED STATES of America,
Plaintiff–Appellee,

v.

Jan SZADO, Defendant–Appellant.

No. 89–30174.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 1990.

Decided Aug. 30, 1990.

Joseph Schlesinger, Asst. Federal Public Defender, Seattle, Wash., for defendant-appellant.

Harry J. McCarthy, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WALLACE, HALL and WIGGINS, Circuit Judges.

WALLACE, Circuit Judge:

After a non-jury trial before a United States magistrate, Szado was convicted of operating a Canadian vessel unlawfully engaged in fishing within the exclusive economic zone of the United States, in violation of 16 U.S.C. § 1857(2)(B), and of interfering with the United States Coast Guard, in violation of 16 U.S.C. § 1857(1)(D) and (E). Szado subsequently appealed to the district court, contending that (1) he was denied his constitutional right to trial by jury; (2) the government failed to present sufficient evidence of a violation of 16 U.S.C. § 1857(1)(D) and (E); and (3) the magistrate abused his discretion in sentencing him to a term of imprisonment. The district court entered an order reversing Szado's conviction, concluding that Szado

had been denied his right to a jury trial. The district court declined to address Szado's other two contentions of error. Szado then filed a motion for reconsideration, requesting the district court to rule on the sufficiency of the evidence issue. He contended that the district court's failure to decide whether the evidence at the first trial was sufficient compromised his double jeopardy rights under the fifth amendment. He argued that if, as he claims, the evidence was insufficient on the subsection (D) and (E) charges, the new trial on those charges would constitute a second trial for the same offense. The district court, however, declined to reconsider its prior order and denied Szado's motion. This appeal followed. We reverse and remand.

I

The first issue we must address is whether we have jurisdiction to entertain Szado's appeal: whether the district court's order from which Szado appeals is a final, appealable order within the meaning of 28 U.S.C. § 1291.

"Finality as a condition of review is an historic characteristic of federal appellate procedure." *Cobbledick v. United States*, 309 U.S. 323, 324, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940). Thus, pursuant to 28 U.S.C. § 1291, our jurisdiction is limited to "appeals from all final decisions of the district courts of the United States." The finality of section 1291 "has been particularly stringent in criminal prosecutions because the delays and disruptions attendant upon intermediate appeal, which the rule is designed to avoid, are especially inimical to the effective and fair administration of the criminal law." *Abney v. United States*, 431 U.S. 651, 657, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977) (*Abney*) (internal quotations omitted); *see also Flanagan v. United States*, 465 U.S. 259, 264, 104 S.Ct. 1051, 1054, 79 L.Ed.2d 288 (1984) (*Flanagan*).

▮ In this case, both Szado and the government agree that the district court's order is not "final" in the sense that it did not terminate the criminal proceedings in the district court. Szado, however, contends that the district court's order falls

within the collateral order exception to the final judgment rule first articulated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). "To come within the 'small class' of decisions excepted from the final-judgment rule by *Cohen*," *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2548, 57 L.Ed.2d 351 (1978), the district court's order must, at a minimum, meet three conditions. First, it "must conclusively determine the disputed question"; second, it must "resolve an important issue completely separate from the merits of the action"; and third, it must "be effectively unreviewable on appeal from a final judgment." *Id.* (footnote omitted).

Szado does not question the narrowness of the collateral order exception in the criminal context. *See Flanagan*, 465 U.S. at 265, 104 S.Ct. at 1054–55 ("Because of the compelling interest in prompt trials, the Court has interpreted the requirements of the collateral-order exception to the final judgment rule with the utmost strictness in criminal cases."). Szado argues, however, that the district court's order is squarely within the small category of cases which the collateral order exception is designed to cover. He contends that the district court's refusal to rule on the sufficiency of the evidence presents the same type of double jeopardy concern that motivated the Supreme Court to hold collateral orders appealable in *Abney* and *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984).

In *Abney*, the Court held that the defendant's appeal of a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds satisfied all three *Cohen* requirements. In doing so, the Court emphasized "the special considerations permeating" double jeopardy claims. *Abney*, 431 U.S. at 663, 97 S.Ct. at 2042. Addressing *Cohen*'s threshold requirement that the order conclusively determine the disputed question, the Court stated that the order before it clearly constituted "a complete, formal, and, in the trial court, final rejection of a criminal defendant's double jeopardy claim. There are simply no fur-

ther steps that can be taken in the District Court to avoid the trial the defendant maintains is barred by the Fifth Amendment's guarantee." *Id.* at 659, 97 S.Ct. at 2040. Discussing *Cohen*'s second requirement that the order resolve an issue completely separate from the merits of the action, the Court emphasized that "the very nature of a double jeopardy claim is such that it is collateral to, and separable from, the principal issue at the accused's impending criminal trial, *i.e.*, whether or not the accused is guilty of the offense charged." *Id.* Finally, the Court concluded that the third prong of the *Cohen* test was satisfied, stating that "the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy were postponed until after conviction and sentence." *Id.* at 660, 97 S.Ct. at 2040–41.

In *Richardson*, the Supreme Court followed *Abney* and held that it had jurisdiction over an appeal similar to the one before us. The petitioner had been tried and acquitted of one count of a three count indictment. 468 U.S. at 318–19, 104 S.Ct. at 3082–83. When the jury was unable to agree on the other counts, the district court declared a mistrial on those counts and scheduled a retrial. *Id.* at 319, 104 S.Ct. at 3082–83. The petitioner then moved for a judgment of acquittal based on the legal insufficiency of the evidence and argued that retrial was barred by the double jeopardy clause of the fifth amendment. *Id.* The district court denied the petitioner's motion and he appealed. *Id.* The Court concluded that even though the resolution of the petitioner's double jeopardy claim "inevitably involves evaluation of the sufficiency of the evidence against petitioner at the first trial," it was appealable because the petitioner sought "review of the sufficiency of the evidence at his first trial, not to reverse a judgment entered on that evidence, but as a necessary component of his separate claim of double jeopardy." *Id.* at 321–22, 104 S.Ct. at 3084. The Court, therefore, followed its reasoning in *Abney* and held that because the petitioner had raised "a *colorable* double jeopardy claim," *id.* at 322, 104 S.Ct. at 3084 (emphasis

added), the claim was appealable under 28 U.S.C. § 1291.

Although neither *Richardson* nor *Abney* explicitly controls our decision here, the application of the principles of those two precedents directs a conclusion that Szado's appeal falls within *Cohen*'s collateral order exception. *Richardson* is particularly persuasive. The only real difference between the appeal in *Richardson* and the one here is that in *Richardson*, the district court actually ruled that the evidence was sufficient at the first trial, whereas here the district court simply declined to rule on that issue. In both cases, however, the double jeopardy claim is the same: the defendant contends that he has a right to a ruling on the sufficiency of the evidence before he faces a second trial. It would be inconsistent as well as inequitable not to extend *Richardson* to reach the present situation. Nor can we distinguish *Richardson* on the basis that the double jeopardy claim is less "colorable" here.

Even aside from *Richardson*, however, the application of the *Cohen* factors to this case makes it clear that we have jurisdiction over Szado's appeal. First, the district court's order "constitute[s] a complete, formal, and ... final," *Abney*, 431 U.S. at 659, 97 S.Ct. at 2040, rejection of Szado's claim. The specific right asserted by Szado was the right to have a ruling on the sufficiency of the evidence *before* a second trial. In refusing to address the sufficiency of the evidence and remanding to the magistrate for a new trial, the district court unequivocally rejected that assertion.

Second, the issue whether the district court must rule on the sufficiency of the evidence in order to protect a defendant's double jeopardy rights is completely separate from the merits of the action. As the Court stated in *Abney*, "the very nature of a double jeopardy claim is such that it is collateral to, and separable from, the principal issue at the accused's impending criminal trial, *i.e.*, whether or not the accused is guilty of the offense charged." *Id.* at 659, 97 S.Ct. at 2040. The government, however, contends that this issue cannot be collateral because the "resolution of Sza-

do's double jeopardy claim inevitably involves evaluation of the sufficiency of the evidence against him at his first trial." The Supreme Court, however, rejected this precise argument in *Richardson,* concluding that the petitioner's request to review the district court's decision on the sufficiency of the evidence was collateral to the merits because the request was made only "as a necessary component of his separate claim of double jeopardy." 468 U.S. at 322, 104 S.Ct. at 3084. We, therefore, conclude that Szado's appeal satisfies the second *Cohen* condition.

Finally, Szado's rights under the double jeopardy clause would be significantly undermined if we refused to review the district court's decision not to address the sufficiency of the evidence until after Szado had been convicted and sentenced by the magistrate on remand. *Abney,* 431 U.S. at 660, 97 S.Ct. at 2040–41. "[T]he Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to *trial* for the same offense." *Id.* at 660–61, 97 S.Ct. at 2041 (emphasis in original). This latter guarantee would be lost if we refused jurisdiction over this appeal and required Szado to proceed with the second trial without a ruling on the sufficiency of the evidence.

We therefore hold that Szado's claim falls within *Cohen*'s collateral-order exception and that we have jurisdiction to hear his appeal. *See United States v. Baptiste,* 832 F.2d 1173, 1174 n. 1 (9th Cir.1987) (following *Abney* and concluding that where the district court dismissed on double jeopardy grounds the government's appeal from the magistrate's dismissal of a criminal case and later vacated that dismissal and remanded for retrial, the district court's remand order fell within *Cohen*'s collateral order exception); *United States v. McQuilkin,* 673 F.2d 681, 683–87 (3d Cir.1982) (applying *Abney* and concluding that the district court's order determining evidence sufficient to sustain the magistrate's decision to convict but remanding to the magistrate because defendant had been denied his statutory right to a jury trial was appealable). We emphasize that, like the Court's decisions in *Abney* and *Richardson,* our conclusion is based on the "special considerations permeating" double jeopardy claims "which justify a departure from the normal rule of finality." *Abney,* 431 U.S. at 663, 97 S.Ct. at 2042.

II

■ Having held that we have jurisdiction over this appeal, we turn to the merits of Szado's claim that the district court was required to rule on the sufficiency of the evidence prior to remanding the case to the magistrate for retrial. Because "[a]n appellate reversal of a conviction on the basis of insufficiency of the evidence has the same effect as a judgment of acquittal," i.e. the double jeopardy clause precludes retrial, "[t]he existence of other grounds for reversal does not avoid the necessity of reviewing the sufficiency of the evidence." *United States v. Bibbero,* 749 F.2d 581, 586 (9th Cir.1984), *cert. denied,* 471 U.S. 1103, 105 S.Ct. at 2330, 85 L.Ed.2d 847 (1985); *see also United States v. Huber,* 772 F.2d 585, 592 (9th Cir.1985); *United States v. McKoy,* 771 F.2d 1207, 1215 (9th Cir.1985). The question before us, however, is whether this rule should be extended to cover a district court's appellate reversal of a magistrate's decision convicting a criminal defendant. The government concedes that this standard should be the same in both contexts, and we see no reason to hold otherwise. The double jeopardy principles underlying our rule are no different when the appellate court is a district court, as it was here, *see* 18 U.S.C. §§ 3401–02 (stating that a magistrate shall have jurisdiction to try persons accused of misdemeanors committed within that judicial district and providing for an appeal of right to the district court), than when the appellate court is the court of appeals. We therefore hold that in reversing a magistrate's judgment of conviction, the district court must review the sufficiency of the evidence underlying the defendant's conviction, despite the presence of other grounds of reversal. The district court erred by failing to do so here.

The district court's denial of Szado's motion for reconsideration is reversed and the

**394**

case is remanded for the district court to determine whether the government presented sufficient evidence to convict Szado of a violation of 16 U.S.C. § 1857(1)(D) and (E).

REVERSED AND REMANDED.