**UNITED STATES of America, Plaintiff–Appellant,**

v.

**John William DALTON, Defendant–Appellee.**

**No. 92–1264.**

United States Court of Appeals, Tenth Circuit.

April 9, 1993.

Rehearing Denied May 4, 1993.

Michael J. Norton, U.S. Atty., Joseph Mackey, Asst. U.S. Atty., Denver, CO, for plaintiff-appellant.

Michael G. Katz, Federal Public Defender, Charles Szekely, Asst. Federal Public Defender, Denver, CO, for defendant-appellee.

Before LOGAN, MOORE and BRORBY, Circuit Judges.

LOGAN, Circuit Judge.

Plaintiff United States appeals the district court's dismissal of an indictment charging defendant John William Dalton with possession of a machine gun in violation of 18 U.S.C. § 922(o). The court dismissed the indictment on double jeopardy grounds, determining that a prior prosecution under 26 U.S.C. § 5861(d) & (e) barred retrial. Under 18 U.S.C. § 3731, the government may appeal such a ruling unless "the double jeopardy clause of the United

States Constitution prohibits further prosecution." Thus, our inquiry into the double jeopardy issue is technically a determination of the government's right to appeal, although its resolution is coterminous with the merits of the case.[1]

## I

Defendant, an attorney, accepted a machine gun from a client as payment for legal services. He was subsequently charged with and convicted of possessing and transferring an unregistered firearm in violation of 26 U.S.C. § 5861(d) & (e). On appeal, this court vacated defendant's conviction on the ground that 18 U.S.C. § 922(o) prohibited possession of any machine gun, and therefore repealed by implication the tax statute requiring registration of such weapons. *United States v. Dalton*, 960 F.2d 121 (10th Cir.1992). Following remand, the government charged defendant with violating § 922(o), and defendant moved to dismiss on double jeopardy grounds.

The district court analyzed the case under *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), and *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and held that the application of the *Blockburger* test precluded further prosecution. It further held that even if the indictment survived *Blockburger* scrutiny, it must be dismissed under *Grady*. Finally, the district court held that this court's vacation of defendant's original conviction constituted a finding of insufficient evidence to convict, and that reprosecution was barred on that ground as well.

## II

■ The Fifth Amendment provides that no person shall "be twice put in jeopardy of life or limb" for the "same offence." U.S. Const. amend. V. As a general rule, "the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecu-

**1.** After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

tion, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Grady*, 495 U.S. at 510, 110 S.Ct. at 2087.

It has long been settled, however, that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to the conviction.

*Lockhart v. Nelson*, 488 U.S. 33, 38, 109 S.Ct. 285, 289, 102 L.Ed.2d 265 (1988). The exception to this rule is that if the defendant's conviction is overturned on the ground that the government adduced insufficient evidence to support the conviction, reprosecution is barred, because the defendant was entitled to an acquittal at the first trial. *Id.* at 39, 109 S.Ct. at 290; *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

■ In *Montana v. Hall*, 481 U.S. 400, 107 S.Ct. 1825, 95 L.Ed.2d 354 (1987), the defendant was convicted of incest with his stepdaughter. On appeal, the Montana Supreme Court reversed the conviction because the statute under which defendant was prosecuted, defining defendant's conduct as incest, had not become effective until three months after the assault in question. The state then charged the defendant with sexual assault, and following conviction the defendant appealed on double jeopardy grounds. The Supreme Court concluded that "trial of respondent for sexual assault, after reversal of respondent's incest conviction on grounds unrelated to guilt or innocence, does not offend the Double Jeopardy Clause." *Id.* at 403, 107 S.Ct. at 1827. The Court reasoned that

under the Montana court's reading of the Montana sexual assault statute, respondent's conduct apparently was criminal at the time he engaged in it. If that is so, the State simply relied on the wrong statute in its second information. It is clear that the Constitution permits retrial after a conviction is reversed because of a defect in the charging instrument.

*Id.* at 404, 107 S.Ct. at 1827. This case is virtually indistinguishable from *Hall*.

Here, defendant was charged and properly convicted under a statute later determined by this court to have been implicitly repealed. The original charging instrument thus was defective, and reprosecution under the proper statute is not barred by the Double Jeopardy Clause.

The exception for convictions overturned on the basis of insufficient evidence is inapplicable to this case. In *Lockhart*, the Court explained the significance of the distinction between insufficient evidence and other trial errors:

*Burks* was careful to point out that a reversal based solely on evidentiary insufficiency has fundamentally different implications, for double jeopardy purposes, than a reversal based on such ordinary "trial errors" as the "incorrect receipt or rejection of evidence." 437 U.S., at 14–16 [98 S.Ct. at 2148–49]. While the former is in effect a finding "that the government has failed to prove its case" against the defendant, the latter "implies nothing with respect to the guilt or innocence of the defendant," but is simply "a determination that [he] has been convicted through a judicial *process* which is defective in some fundamental respect." *Id.* at 15 [98 S.Ct. at 2149] (emphasis added).

*Id.* 488 U.S. at 40, 109 S.Ct. at 290 (alteration in original). In this case, the reversal of defendant's conviction had nothing to do with the evidence introduced at trial, but only with the statute under which defendant was charged. This constitutes a "defect in the charging instrument," *Hall*, 481 U.S. at 404, 107 S.Ct. at 1827, or a conviction obtained through a fundamentally defective "judicial *process*," *Lockhart*, 488 U.S. at 40, 109 S.Ct. at 290, and therefore reprosecution under 18 U.S.C. § 922(*o*) is not barred.

The decision of the district court is REVERSED, and the cause REMANDED with instructions that the indictment be reinstated. Defendant's motion for related case determination is denied.