UNITED STATES of America,
Plaintiff–Appellee,

v.

Hector Gerardo GUTIERREZ–
ZAMARANO, Defendant–
Appellant.

No. 93–50389.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 1994 *

Decided April 26, 1994.

---

* The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

236

Eugene G. Iredale, San Diego, CA, for defendant-appellant.

David P. Curnow, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.

Opinion by Judge CYNTHIA HOLCOMB HALL.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Appellant Hector Gutierrez–Zamarano ("Appellant") was charged with conspiracy to possess cocaine with the intent to distribute and attempted possession of cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. A jury acquitted Appellant on the conspiracy count, but convicted him on the attempt count. The district court granted Appellant's motion for a new trial. Appellant made pre-trial motions to dismiss the attempt count on the grounds of double jeopardy and collateral estoppel.[1] In addition to arguing that the district court erred in denying these motions, Appellant contends that retrial is barred because he established entrapment as a matter of law at trial.

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over the interlocutory appeal of Appellant's double jeopardy claim pursuant to 28 U.S.C. § 1291, see Abney v. United States, 431 U.S. 651, 662, 97 S.Ct. 2034, 2041–42, 52 L.Ed.2d 651 (1977), and we affirm. We lack jurisdiction over Appellant's entrapment

1. Appellant's collateral estoppel claim is ad-  dressed in a separate memorandum disposition.

claim and therefore dismiss this portion of the appeal.

## I.

In March 1991, Agent Skaggs of the Drug Enforcement Agency ("D.E.A.") met informant Lopez, who stated that Appellant Gutierrez–Zamarano was a member of a cocaine smuggling operation. Lopez told Appellant that Agent Skaggs was interested in purchasing cocaine. Appellant maintained at trial that he and Lopez planned to steal money from the government, as opposed to actually completing a drug transaction.

On May 21, 1991, Appellant flew to California on a ticket purchased by the D.E.A. and met Agent Skaggs. During this videotaped meeting, Appellant stated he could deliver 60 kilograms at a time for a price of $22,000 per kilogram. Appellant refused to provide a drug sample and no final agreement was made. During a later conversation, Appellant stated he was working with individuals from a large drug trafficking operation known as the Barrientos organization.[2]

On February 15, 1992, Appellant again flew to San Diego at D.E.A. expense for another meeting with Agent Skaggs. The discussions included delivery of 100 kilograms at $17,000 per kilogram, with a down payment of twenty percent. Appellant again refused to provide a cocaine sample and the deal was not finalized.

On March 8, 1992, Appellant returned to San Diego at his own expense and met with Agent Skaggs at a hotel room. During this videotaped meeting, the two men discussed: 1) the price; 2) the method of delivery; 3) the refining process; and 4) members of Appellant's South American drug organization. Agent Skaggs also brought a suitcase containing $310,000 as a down payment for 100 kilograms of cocaine which was to be provided later. Appellant was arrested after picking up the suitcase, shaking hands with Agent Skaggs and leaving the hotel room.

Appellant was charged with conspiracy to possess cocaine with the intent to distribute and attempted possession of cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. A jury acquitted Appellant on the conspiracy count, but convicted him on the attempt count.

On December 15, 1992, Appellant made post-trial motions for acquittal based on insufficient evidence, or alternatively for a new trial based on the court's failure to give an entrapment jury instruction. The district court denied the motion for acquittal but granted the motion for a new trial and vacated Appellant's conviction. Appellant did not appeal these rulings.

On February 17, 1993, Appellant made pre-trial motions to dismiss the attempt count on double jeopardy grounds, and alternatively to exclude evidence on collateral estoppel grounds. The district court denied these motions and this timely appeal followed.

## II.

Whether a defendant's double jeopardy rights have been violated is a question of law reviewed de novo. *United States v. Horodner,* 993 F.2d 191, 193 (9th Cir.1993). The district court's denial of a motion to dismiss on double jeopardy grounds is reviewed de novo. *United States v. Lun,* 944 F.2d 642, 644 (9th Cir.1991). Factual findings regarding the government's conduct are reviewed for clear error. *Id.*

## III.

Appellant argues that there was insufficient evidence at the first trial to support the attempt count and thus the Double Jeopardy Clause precludes retrial on this count.[3] The government contends that Appellant

---

2. The parties do not dispute that: 1) Appellant never provided a drug sample to Agent Skaggs and 2) Agent Skaggs never met or talked with any actual members of the drug organization Appellant claimed to be associated with.

3. While Appellant's Opening Brief only mentions the Double Jeopardy Clause briefly, his Reply

Brief clearly establishes that his sufficiency argument is merely part of a larger double jeopardy claim. We note that the present appeal is from the district court's denial of Appellant's motion to dismiss on double jeopardy grounds, not from the denial of his earlier post-judgment motion for acquittal.

cannot raise insufficiency of the evidence in an interlocutory appeal.[4] We find that Appellant's retrial will not violate the Double Jeopardy Clause regardless of the sufficiency of the evidence at the first trial.

■ The Double Jeopardy Clause "does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction...." *United States v. Tateo,* 377 U.S. 463, 465, 84 S.Ct. 1587, 1588, 12 L.Ed.2d 448 (1964). Rather, "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson,* 468 U.S. at 325, 104 S.Ct. at 3082. A determination by the trial court that the evidence was insufficient as a matter of law, *see Smalis v. Pennsylvania,* 476 U.S. 140, 144, 106 S.Ct. 1745, 1748, 90 L.Ed.2d 116 (1986), or a similar determination by a reviewing court, *see Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978), also bars a second trial.

■ Here, there has been no event terminating Appellant's original jeopardy. Appellant certainly has not been acquitted. The jury convicted him on the attempt count and the district court found the evidence supporting this conviction sufficient when it denied his post-trial motion for acquittal. The district court's denial of Appellant's pre-trial motion for dismissal also fails to terminate jeopardy. Appellant is thus faced with the unreversed determination by the jury that the prosecution has met its burden of proof. *See Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 309, 104 S.Ct. 1805, 1813–14, 80 L.Ed.2d 311 (1984). There also has not been an appellate ruling that insufficient evidence at trial supports Appellant's conviction and thus the Supreme Court's decision in *Burks v. United States,* 437 U.S. at 18, 98 S.Ct. at 2150–51 (holding

that where an appellate court has set aside a conviction solely because of insufficient evidence, forcing a defendant to stand retrial would violate the Double Jeopardy Clause), does not apply.

Several courts have declined to review the sufficiency of the evidence on facts very similar to those presented on the instant appeal. In *United States v. Wood,* 958 F.2d 963, 970 (10th Cir.1992), the Tenth Circuit stated "A guilty verdict by a jury which is set aside by the district court on a motion by the defendant does not terminate jeopardy.". Based on this finding, the court held that the defendant's retrial did not violate double jeopardy regardless of the sufficiency of the evidence. *Id.* at 971. *See also Richardson,* 468 U.S. at 325, 104 S.Ct. at 3086 (refusing to review sufficiency of the evidence after finding that a district court's declaration of a mistrial due to a hung jury did not terminate defendant's original jeopardy); *United States v. Porter,* 807 F.2d 21, 24 (1st Cir.1986) (holding that "where a conviction has been reversed *due to trial error* and a new trial ordered, and where, after remand, defendant raises a double jeopardy claim to bar his retrial, neither the district court, nor this court on an *Abney* appeal, need examine the sufficiency of the evidence at the first trial."), *cert. denied,* 481 U.S. 1048, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987). We find that Appellant's original jeopardy has not terminated and thus his double jeopardy claim fails regardless of the sufficiency of the evidence.

## IV.

Appellant argues that the affirmative defense of entrapment was established at trial as a matter of law. The government argues that this issue is not properly subject to interlocutory review. We agree with the government and therefore decline to review Appellant's entrapment claim.

---

4. The government correctly argues that a district court's rejection of a pre-trial attack on the sufficiency of the evidence is not appealable as a final order. *See United States v. Cejas,* 817 F.2d 595, 596 (9th Cir.1987). However, a double jeopardy claim is subject to interlocutory review despite requiring an appellate court to examine the sufficiency of the evidence. *See Richardson v. United*

*States,* 468 U.S. 317, 322, 104 S.Ct. 3081, 3084, 82 L.Ed.2d 242 (1984) ("While consideration of petitioner's double jeopardy claim would require the appellate court to canvass the sufficiency of the evidence at the first trial, this fact alone does not prevent the District Court's order denying petitioner's double jeopardy claim from being appealable.").

Otherwise unappealable claims are not subject to interlocutory review simply because they are raised simultaneously with a cognizable double jeopardy claim. *See United States v. Garner*, 632 F.2d 758, 764 (9th Cir.1980), *cert. denied*, 450 U.S. 923, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981). Appellant's entrapment argument, unlike his sufficiency of the evidence argument, is not merely incidental to a larger double jeopardy claim. Therefore, it is not reviewable under the *Richardson* decision discussed earlier. Appellant provides no evidence that his entrapment claim independently falls within the collateral order exception to the final judgment rule, *see Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949), and thus we lack jurisdiction over the interlocutory appeal of this issue.

## CONCLUSION

We AFFIRM the district court's denial of Appellant's motion to dismiss on double jeopardy grounds. We lack jurisdiction over Appellant's entrapment claim and therefore DISMISS this portion of the appeal.