30 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Byron Lawrence BLAKELY, Defendant-Appellant.
 No. 93-30423.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 1, 1994.*
Decided Aug. 4, 1994.
 
 Before: ALARCON, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Byron Lawrence Blakely was convicted after a bench trial before a United States magistrate judge of a violation of 43 C.F.R. 2801.3(a). Blakely appealed from this judgment to the district court pursuant to 18 U.S.C. Sec. 3402. Blakely contended that the judgment must be reversed because he did not waive his right to a trial by jury. He also argued that the evidence introduced before the magistrate judge was insufficient to persuade a rational trier of fact beyond a reasonable doubt of his guilt.
 
 
 3
 The district court reversed the judgment of conviction on the ground that Blakely had been deprived of his Sixth Amendment right to a trial by jury. The district court declined to address Blakely's contention that the evidence was insufficient.
 
 
 4
 Blakely filed a motion for reconsideration. He asked the district court to reach the merits of his contention that the evidence was insufficient because a favorable ruling on this issue would bar a retrial on double jeopardy grounds. The district court denied the motion for reconsideration. Blakely has appealed from the denial of the motion for reconsideration.
 
 I.
 
 5
 Before determining whether the district court erred in declining to consider the merits of Blakely's claim that the evidence was insufficient, we must address the Government's contention that this court lacks jurisdiction because the notice of appeal was not timely filed. This argument lacks merit. The record shows that the order denying the motion for reconsideration was entered on November 2, 1993. The notice of appeal was filed on November 10, 1993. Rule 4(b) of the Federal Rules of Appellate Procedure provides that a defendant must file a notice of appeal within 10 days of the entry of the judgment or order. Blakely clearly complied with Rule 4(b).
 
 II.
 
 6
 We addressed precisely the same issue raised by Blakely in this appeal in United States v. Szado, 912 F.2d 390 (9th Cir.1990). We held in Szado that a district court is required to rule on a claim that evidence was insufficient, notwithstanding the fact that it has determined that the defendant was denied his right to a trial by jury in a trial conducted before a magistrate judge. Id. at 393. Accordingly, we reversed the district court's denial of a motion to reconsider its failure to rule on the sufficiency of the evidence and "remanded for the district court to determine whether the government presented sufficient evidence to convict Szado of [the charged crime]". Id. at 394.
 
 
 7
 Szado is the law of the circuit. Therefore, we must reverse the order denying the motion for reconsideration with instructions that the district court determine the sufficiency of the evidence to convict Blakely of a violation of 43 C.F.R. 2801(a).
 
 
 8
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3