35 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robbie Len BASCUE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald BASCUE, Defendant-Appellant.
 Nos. 93-30462, 93-30463.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 30, 1994.
 
 Before: WALLACE, Chief Judge, RYMER and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Robbie Len Bascue and Ronald Bascue (the Bascues) appeal the district court's denial of their motion to dismiss a second superceding indictment charging them with unlawful transfer of a machinegun in violation of 18 U.S.C. Sec. 922(o). The Bascues contend the district court erred by denying their motion to dismiss the indictment on double jeopardy grounds based upon the court's dismissal of a prior defective indictment charging them with unlawfully making and transferring a firearm in violation of 26 U.S.C. Sec. 5861(e), (f). We have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. Sec. 1291, see United States v. Gutierrez-Zamarano, 23 F.3d 235, 236 (9th Cir.1994), and we affirm.
 
 
 3
 We review de novo the district court's denial of a motion to dismiss an indictment on double jeopardy grounds. Gutierrez-Zamarano, 23 F.3d at 236. We may affirm on any ground fairly supported by the record. United States v. Elgersma, 979 F.2d 750, 752 (9th Cir.1992).
 
 
 4
 "The Double Jeopardy Clause 'does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction....' " Gutierrez-Zamarano, 23 F.3d at 238 (quoting United States v. Tateo, 377 U.S. 463, 465 (1964)). "Rather, 'the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy.' " Id. (quoting Richardson v. United States, 468 U.S. 317, 325 (1984)).
 
 
 5
 Here, the Bascues were properly charged and convicted under 26 U.S.C. Sec. 5861(e), (f). Ronald Bascue entered guilty pleas, while Robbie Bascue entered Alford pleas.[1] After the Bascues' plea hearings, but before sentencing, we held that section 5861 had been implicitly repealed by 18 U.S.C. Sec. 922(o). See United States v. Kurt, 988 F.2d 73, 75-76 (9th Cir.1993) (section 922(o) prohibited possession of any machinegun, and therefore repealed by implication the tax statute requiring registration of such weapons). Therefore, because the superseding indictment charging violations of section 5861 was defective, the district court dismissed it without prejudice.
 
 
 6
 Subsequently, a federal grand jury returned a second superseding indictment charging the Bascues with a violation of section 922(o). The Bascues moved to dismiss the indictment on double jeopardy grounds. Relying on the same-elements test set forth in Blockburger v. United States, 284 U.S. 299 (1932), the district court concluded that double jeopardy did not preclude a reprosecution.
 
 
 7
 The district court properly concluded that there has been no event terminating the Bascues' original jeopardy. The superseding indictment was dismissed due to the implicit repeal of section 5861. This simply constituted a defect in the charging instrument which subsequently led to the Basques' convictions. This error in the judicial proceedings, however, does not bar reprosecution. See Gutierrez-Zamarano, 23 F.3d at 238; see also United States v. Dalton, 990 F.2d 1166, 1168 (10th Cir.) (double jeopardy did not bar reprosecution of defendant for machinegun violation under section 922(o) where his original conviction under section 5861 was vacated based upon the implicit repeal of the latter statute), cert. denied, 114 S.Ct. 253 (1993). For these reasons, regardless of the Blockburger test, we conclude that the Bascues' double jeopardy claim must fail.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Alford v. North Carolina, 400 U.S. 25 (1970)
 
 
 [2]
 Robbie Bascue's claim that jeopardy attached upon the entry of his guilty plea is inapposite. The focus is whether jeopardy terminated, not when it attached. See Gutierrez-Zamarano, 23 F.2d at 238