74 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael L. MONTALVO, Defendant-Appellant.
 Nos. 94-10108, 94-10110.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 17, 1995.
Decided Jan. 3, 1996.
 
 1
 Before: SCHROEDER, and ALARCON, Circuit Judges, and WHALEY, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Michael Montalvo appeals from the district court's imposition of a mandatory life sentence pursuant 21 U.S.C. Sec. 848(b) for having been found guilty of operating a Continuing Criminal Enterprise. This is an appeal from a resentencing proceeding following this court's remand for resentencing in Montalvo's earlier appeal. United States v. Montalvo, No. 90-10078, 1992 WL 184342 at * 3 (9th Cir. Aug. 4, 1992). We affirm.
 
 
 4
 Montalvo first attempts to challenge the admission of evidence at his trial. The district court in this resentencing proceeding correctly refused to consider this challenge because the sentencing proceeding was limited to issues related to Montalvo's sentence. See, e.g., United States v. Pimentel, 34 F.3d 799, 800 (9th Cir.1994) (per curiam), cert. denied, 115 S.Ct. 777 (1995); Adamian v. Lombardi, 608 F.2d 1224, 1228 (9th Cir.1979), cert. denied, 466 U.S. 938 (1980).
 
 
 5
 In connection with the resentencing proceeding itself, Montalvo first challenges the district court's refusal to grant his request for a fifth continuance of resentencing. The district court did not abuse its discretion; resentencing had already been continued more than nine months. Both Montalvo and his attorney had filed memoranda addressed to sentencing issues. There has been no showing of ineffective assistance of counsel.
 
 
 6
 Montalvo also challenges the form of the district court's denial of his sentencing motions. The district court properly recognized that Montalvo's motions were without merit and it was not required to do anything further. The district court was not required to make findings to respond to Montalvo's objections to alleged factual inaccuracies in the presentence report because the district court stated that no such alleged inaccuracies would affect the sentencing in the case. See United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991).
 
 
 7
 Montalvo next contends that the district court erroneously sentenced him to a mandatory life sentence under amended 21 U.S.C. Sec. 848(b). Montalvo contends on appeal that the jury, rather than the sentencing judge, should have determined whether he met the requirements of (b). Montalvo did not raise this issue in the district court, and the district court at sentencing indicated that it was utilizing Sec. 848(b) on account of the directions of this court in Montalvo's earlier appeal. There is no issue of statutory interpretation properly before this court at this time.
 
 
 8
 Montalvo maintains that Sec. 848(b)'s applicability to him would be an ex post facto application of the law in contravention of the Constitution. Montalvo's engagement in the Continuing Criminal Enterprise extended beyond the October, 1986 effective date of the amendment adding subsection (b). There has been no ex post facto application. See United States v. Campanale, 518 F.2d 352, 365 (9th Cir.1975), cert. denied, 423 U.S. 1050 (1976). Moreover, law of the case did not prevent the district court from resentencing Montalvo under Sec. 848(b) because the issue of whether the section violated the ex-post facto clause was never implicitly or explicitly decided in the first sentencing or in Montalvo's prior appeal. See United States v. Caterino, 29 F.3d 1390, 1395 (9th Cir.1994).
 
 
 9
 Montalvo now contends that his resentencing was barred by double jeopardy principles because the government obtained a civil forfeiture judgment against him during the pendency of his direct criminal appeal. He relies upon United States v. $405,089.23, 33 F.3d 1210 (9th Cir.1994) which held that the government could not pursue a civil forfeiture after it had obtained a conviction based on the same offense. In this case, however, because the criminal prosecution was instituted first, jeopardy attached in the criminal prosecution before it attached in the forfeiture. Therefore, Montalvo's criminal conviction must stand. See United States v. Kearns, 61 F.3d 1422, 1428 (9th Cir.1995). There is no double jeopardy or punishment principle that bars a defendant from being resentenced after appellate remand for that purpose. See Richardson v. United States, 468 U.S. 317, 325 (1984); United States v. Gutierrez-Zamarano, 23 F.3d 235, 238 (9th Cir.1994).
 
 
 10
 Montalvo also endeavors to challenge the content of a plea offer that he did not accept. This issue was not raised in the district court and is not before us. Moreover, Montalvo's position appears to ignore the basic principle that a defendant has no right to a plea bargain. United States v. Moody, 778 F.2d 1380, 1385 (9th Cir.1985). Our court's decision on ineffective assistance of counsel in United States v. Blaylock, 20 F.3d 1458 (9th Cir.1994) is not apposite.
 
 
 11
 Montalvo's assertion that his due process rights were violated as a result of the government's allegedly untimely sentencing memorandum is waived; Montalvo failed to raise this issue before the district court. See United States v. Fogel, 829 F.2d 77, 91 (9th Cir.1987).
 
 
 12
 The life sentence without the possibility of parole that Montalvo received at resentencing was the same sentence he received at his earlier sentencing. There accordingly could not have been any vindictive prosecution in the resentencing. See United States v. Kinsey, 994 F.2d 699, 701 (9th Cir.1993) (holding that the doctrine of vindictive prosecution does not apply unless either the charge or the sentence is increased).
 
 
 13
 There is no merit to Montalvo's contention that the district court was insufficiently familiar with the record or relied on inadmissible evidence or improper ex parte communication.
 
 
 14
 The district court properly determined that the government's failure to examine the personnel files of two federal agents was harmless. See United States v. Henthorn, 931 F.2d 29, 31 (9th Cir.1991).
 
 
 15
 Montalvo's motions for sanctions and to strike the government's brief and excerpt are denied.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3