# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

　　　　　v.

WILLIAM A. STEEL,
　　　　　*Defendant-Appellant.*

No. 09-50335

D.C. No.
3:02-cr-03171-
IEG-3

OPINION

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted November 2, 2010*
Pasadena, California

Filed November 23, 2010

Before: J. Clifford Wallace and Susan P. Graber,
Circuit Judges, and Richard Mills,** Senior District Judge.

Opinion by Judge Graber

---

*The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

**The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

**COUNSEL**

Steve Miller, Assistant United States Attorney, Criminal Division, San Diego, California, for the plaintiff-appellee.

Gary P. Burcham, Burcham & Zugman, A.P.C., San Diego, California, for the defendant-appellant.

## OPINION

GRABER, Circuit Judge:

A jury convicted Defendant William Steel and three co-defendants of several crimes, including conspiracy to interfere with commerce by robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a) ("Count One"). On appeal, we reversed that conviction and remanded the case for a new trial because, although the evidence was sufficient to convict Steel on Count One, *United States v. Williams*, 547 F.3d 1187, 1195-97 (9th Cir. 2008), the jury had improperly received an *Allen* charge,[1] *id.* at 1206-07.

After remand, and before his re-trial began, Defendant moved to dismiss Count One, or for a judgment of acquittal. In that motion, Defendant raised two *new* arguments contending that the evidence presented at his original trial had been insufficient to support a conviction on Count One. Consequently, he asserted, holding a second trial on Count One would violate the Double Jeopardy Clause. The district court denied the motion on the merits. Reviewing our jurisdiction de novo, *United States v. Romero-Ochoa*, 554 F.3d 833, 835 (9th Cir. 2009), we dismiss Defendant's interlocutory appeal.

**[1]** We have "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Under the collateral order doctrine, however, we have authority to review a "narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994) (internal quotation marks and citation omitted). The Supreme Court has cautioned that the collateral order doctrine

---

[1]An *Allen* charge "is the generic name for a class of supplemental jury instructions given when jurors are apparently deadlocked." *United States v. Mason*, 658 F.2d 1263, 1265 n.1 (9th Cir. 1981).

"must never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 605 (2009) (internal quotation marks omitted). That doctrine applies if, but only if, "an order . . . '[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3] [is] effectively unreviewable on appeal from a final judgment.' " *United States v. Higuera-Guerrero (In re Copley Press, Inc.)*, 518 F.3d 1022, 1025 (9th Cir. 2008) (bracketed numbers in original) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)*)*.

**[2]** In some circumstances, we may exercise interlocutory jurisdiction over an appeal from a pretrial order denying a motion to dismiss on double jeopardy grounds. *See Abney v. United States*, 431 U.S. 651, 662-63 (1977) (holding that the denial of a motion to dismiss an indictment on double jeopardy grounds satisfied the three factors of the collateral order doctrine). Further, we may review sufficiency-of-the-evidence claims that are a necessary component of a double jeopardy claim. *Richardson v. United States*, 468 U.S. 317, 321-22 (1984). But, in order to support interlocutory jurisdiction, a claim of double jeopardy must be at least "colorable." *Id.* at 322.

Here, Defendant correctly contends that his sufficiency-of-the-evidence argument is a necessary component of his double jeopardy claim. Even so, we lack interlocutory jurisdiction because Defendant's double jeopardy claim is not colorable.

**[3]** We have repeatedly rejected double jeopardy claims where a defendant challenged the district court's refusal to enter a judgment of acquittal prior to retrial. In *United States v. Gutierrez-Zamarano*, 23 F.3d 235, 237 (9th Cir. 1994), for example, the district court denied the defendant's post-trial sufficiency-of-the-evidence motion, but granted the defendant's motion for a new trial because of an error in instructing

the jury. On appeal, we held that a retrial would not subject the defendant to double jeopardy—regardless of the sufficiency of the evidence—because the defendant's original jeopardy had not yet terminated. *Id.* at 238. Jeopardy had not terminated because there had been no acquittal: The jury had convicted the defendant, and the district court found the evidence supporting the conviction sufficient. *Id.* In so holding, we explained that "[t]he Double Jeopardy Clause 'does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction.' " *Id.* (quoting *United States v. Tateo*, 377 U.S. 463, 465 (1964)).

**[4]** So, too, in this case, Defendant's conviction was set aside because of a procedural error (the *Allen* charge). But, again as in *Gutierrez-Zamarano*, the jury convicted Defendant, and both the district court and we found the evidence supporting the conviction sufficient in response to the arguments then raised.

In *United States v. Sarkisian*, 197 F.3d 966, 983 (9th Cir. 1999), similarly, we held that we lacked interlocutory jurisdiction to review the defendant's double jeopardy claim because it was not colorable. As in *Gutierrez-Zamarano*, the district court in *Sarkisian* had granted the defendant's motion for a new trial but had denied the defendant's motion for a judgment of acquittal. *Id.* The defendant asked us to review his sufficiency-of-the-evidence claim and argued that a retrial would violate the Double Jeopardy Clause. *Id.* Relying on *Gutierrez-Zamarano*, we held that we lacked interlocutory jurisdiction because the defendant had not raised a colorable double jeopardy claim, given that his original jeopardy had not yet terminated. *Id.*; *see also United States v. Keating*, 147 F.3d 895, 904 n.6 (9th Cir. 1998) (holding that, because the defendant's original jeopardy had not terminated when the district court granted a new trial, double jeopardy did not attach regardless of the insufficiency of the evidence at the first trial).

**[5]** In summary, *Gutierrez-Zamarano* and *Sarkisian* require dismissal of this interlocutory appeal. As in those cases, Defendant received a new trial on procedural grounds, while the district court rejected his sufficiency-of-the-evidence claim. In those circumstances, Defendant's original jeopardy has not terminated; consequently, his double jeopardy claim is not colorable.

**[6]** Despite the holdings in *Gutierrez-Zamarano* and *Sarkisian*, Defendant argues that our earlier decision in *United States v. Szado*, 912 F.2d 390 (9th Cir. 1990), should control. In *Szado*, the district court, reviewing a judgment entered by a magistrate judge, had granted the defendant's motion for a new trial on procedural grounds but declined to rule on the defendant's sufficiency-of-the-evidence claim. *Id.* at 390-91. On appeal, the defendant contended that the district court's failure to decide his sufficiency-of-the-evidence claim compromised his double jeopardy rights. We concluded that the defendant's double jeopardy claim was colorable. *Id.* at 391-92 (citing *Richardson*, 468 U.S. at 321-22).[2] We have limited *Szado* to its unusual facts. *See United States v. Schemenauer*, 394 F.3d 746, 750 (9th Cir. 2005) ("The conclusion that the double jeopardy claim in *Szado* was colorable reflects our decisions holding that *appellate* courts should consider sufficiency-of-the-evidence claims on *direct* appeals of *final* judgments . . . ." (emphasis added)). Thus, *Szado* holds only that a double jeopardy claim is colorable when a district court,

---

[2]We question *Szado*'s reliance on *Richardson*. In *Richardson*, the Supreme Court held that the petitioner's double jeopardy claim was colorable where the district court had declared a mistrial due to jury deadlock but had denied the defendant's motion for a judgment of acquittal because of insufficient evidence to convict. 468 U.S. at 322. Yet, *Richardson* foreclosed interlocutory appellate review of any future claims presenting similar facts, stating in a footnote: "It follows logically from our holding today that claims of double jeopardy such as petitioner's are no longer 'colorable' double jeopardy claims which may be appealed before final judgment." *Id.* at 326 n.6. Nonetheless, we need not revisit *Szado* because, as noted in text, the present case is readily distinguishable.

sitting in an *appellate* capacity and reviewing a final judg-ment of conviction by a magistrate judge, entirely fails to rule on a sufficiency-of-the-evidence claim but grants a new trial. *Id.* In this case, however, the district court explicitly denied Defendant's sufficiency-of-the-evidence claim, and it was not acting in an appellate capacity. Therefore, *Szado* does not support Defendant's theory that his double jeopardy claims are colorable.

We also note that, in the present context, *Gutierrez-Zamarano* and *Sarkisian* remain good law in light of the Supreme Court's recent decision in *Mohawk*. That opinion "reflects a healthy respect for the virtues of the final-judgment rule." 130 S. Ct. at 605. Nothing in *Mohawk* expands the opportunity to obtain interlocutory review, and nothing in *Mohawk* dilutes the double jeopardy analysis that underlies *Gutierrez-Zamarano* and *Sarkisian*.

Appeal DISMISSED.