FILED



APR 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10016 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00349-KJD-PAL-1 |
| v. | |
| VICTOR BUSTOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted April 12, 2011[**]
San Francisco, California

Before: GOODWIN and N.R. SMITH, Circuit Judges, and COLLINS, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Raner C. Collins, District Judge for the U.S. District
Court for Arizona, Tucson, sitting by designation.

Victor Bustos is currently under indictment for theft of government property in violation of 18 U.S.C. § 641 and failure to disclose to the Social Security Administration ("SSA") an event affecting his right to payment in violation of 42 U.S.C. § 408(a)(4). In this interlocutory appeal, Bustos challenges the district court's denial of his request for an evidentiary hearing regarding his motion to dismiss the criminal indictment. For the reasons that follow, we dismiss for lack of appellate jurisdiction. Because the parties are familiar with the facts and procedural history of the case, we do not recite them here except as necessary to our decision.

Bustos asserts that this court has jurisdiction under 28 U.S.C. § 1291, which allows for appellate review of "all final decisions of the district courts." Under § 1291, "criminal cases generally are not subject to appellate review 'until after conviction and sentence.'" *United States v. Lewis*, 368 F.3d 1102, 1104 (9th Cir. 2004) (quoting *Flanagan v. United States*, 465 U.S. 259, 263 (1984)).

"Under the collateral order doctrine, however, we have authority to review a 'narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final.'" *United States v. Steel*, 626 F.3d 1028, 1030 (9th Cir. 2010) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)). We have jurisdiction to review an interlocutory appeal of a district court's denial of a motion to dismiss an indictment

2

on the basis of a colorable claim to double jeopardy or collateral estoppel. *See United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008); *United States v. Cejas*, 817 F.2d 595, 596 (9th Cir. 1987). This is not such an appeal.

While the motion to dismiss was based on a claim of collateral estoppel, Bustos specifically appeals only the district court's denial of his request for an evidentiary hearing. A district court's denial of a request for an evidentiary hearing is not a final appealable order. *See United States v. Austin*, 416 F.3d 1016, 1022–23 (9th Cir. 2005) ("In this Circuit, we have interpreted Supreme Court precedent as limiting review of interlocutory appeals in criminal cases 'to instances . . . where there are statutory or constitutional guarantees against the defendants standing trial.'") (quoting *United States v. Hickey*, 367 F.3d 888, 896 (9th Cir. 2004)); *United States v. Storey*, 2 F.3d 1037, 1042 (10th Cir. 1993) ("Appellants also filed an interlocutory appeal from the district court's refusal to hold an evidentiary hearing. The district court's decision was not a final judgment and is not presently appealable."). Accordingly, we do not have jurisdiction to review the denial of Bustos's request for an evidentiary hearing on its own.

Assuming *arrguendo* that Bustos was appealing the denial of his motion to dismiss, we would still lack appellate jurisdiction because Bustos fails to assert a colorable claim to collateral estoppel. *See Steel*, 626 F.3d at 1030. There is nothing

3

in the record that suggests the SSA ever acted in a "judicial capacity" or resolved "disputed issues of fact" when it determined Bustos was still eligible for disability benefits based on the report he submitted. *University of Tennessee v. Elliott*, 478 U.S. 788, 797–98 (1986). To the contrary, the SSA presumed the truthfulness of the assertions made by Bustos. Further, there is no indication that the United States had an "adequate opportunity to litigate" the validity of Bustos's claim to benefits during this determination. *Id.*; *see also* 20 C.F.R. 404.900(b) (noting that in making a determination regarding a claimant's continued eligibility to benefits, the SSA "conduct[s] the administrative review process in an informal, nonadversary manner").

Finally, Bustos has not shown that an evidentiary hearing would have allowed him to show that he had a colorable claim of collateral estoppel. *See United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). Bustos argues the record is unclear whether an SSA agent spoke to him or whether he returned the paperwork by mail or in person. However, neither issue is material to whether Bustos's eligibility for benefits was litigated.

**DISMISSED.**